# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELISANDRO MENDOZA,

    *Petitioner*,

vs.

LEGRAND, *et al.*

    *Respondents*.

3:10-cv-00545-ECR-WGC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court following initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") of the amended petition (#24) and motion (#25) for leave to conduct discovery filed by petitioner.

    The Court generally waits for receipt of the petitioner's verification before proceeding to screening. In this instance, however, petitioner has filed a motion for discovery that – if it were granted – potentially could extend the proceedings prior to final submission for decision. This case would be a reportable three-year case under the Civil Justice Reform Act (CJRA) if it were not fully resolved prior to September 30, 2013. While that may seem to be a considerable amount of time at this juncture, it in truth is not if discovery were to be ordered. The Court accordingly will proceed to the next step without waiting for a verification. If petitioner has not filed a verification by the time that respondents file their response as directed herein, then respondents may raise that, curable, defect along with the remainder of their response.

The Court notes, with regard to the response directed below, that there are timeliness and procedural default issues apparent on the face of the record. The provisions below direct respondents, *inter alia*, to consolidate all procedural defenses raised, if any, within a single motion to dismiss. The Court would emphasize that, notwithstanding the immediately apparent across-the-board timeliness and procedural default issues, if there also are any potential exhaustion issues respondents need to raise all such issues now. In the event that petitioner overcomes any timeliness and procedural default issues raised, the Court would strongly disfavor any delayed assertion of an exhaustion defense thereafter.

Counsel also should note that the Court has staggered the briefing schedule in a fashion where one side likely will not have an in effect solitary surreply opportunity.

IT THEREFORE IS ORDERED that, as per the schedule detailed below, respondents shall respond to the amended petition (#24), including possibly by a motion to dismiss, and also to petitioner's motion (#25) for leave to conduct discovery. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4**.

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that the parties shall file their papers as per the following schedule:

| | |
|---|---|
| **May 22, 2012** | Respondents' Response to Amended Petition (#24) |
| **June 22, 2012** | Petitioner's Response to Motion to Dismiss or Reply to Answer Respondents' Response to Discovery Motion (#25) |
| **July 13, 2012** | Petitioner's Reply to Discovery Motion (#25) Response Respondents' Reply if a Motion to Dismiss was Filed |

IT FURTHER IS ORDERED that the parties SHALL NOT combine their filings directed to the amended petition and response with their filings directed to the discovery motion. The parties of course may refer to the other matter herein but consolidated filings directed to both matters (*e.g.*, a motion to dismiss combined with a memorandum in opposition to a discovery motion) expressly are not permitted (nor are they in any event permissible under the Court's electronic filing rules).

**Any requests for extension of time based upon scheduling conflicts between this case and other cases in this District, absent extraordinary circumstances, shall be sought in the later-filed case.**

DATED:   April 3, 2012.

_____
EDWARD C. REED
United States District Judge